**Electronically Filed
Intermediate Court of Appeals
30630
01-SEP-2011
08:12 AM**

NO. 30630

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


COUNTY OF HAWAI'I, Plaintiff-Appellee,
v.
H. KIMURA STORE, INC., IRENE KIMURA,
BRIAN KIMURA, Defendants-Appellees,
and
MICHAEL TIERNEY, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 00-1-0377)

ORDER DISMISSING APPEAL
(By: Nakamura, C.J., Leonard and Reifurth, JJ.)

Upon review of Defendant-Appellant Michael Tierney's ("Tierney") September 29, 2010 jurisdictional statement; Tierney's Response to Order Requiring Supplemental Brief, filed December 8, 2010; the supplemental brief filed on January 3, 2011, by Plaintiff-Appellee County of Hawai'i ("County"); and the record on appeal; it appears that this court lacks appellate jurisdiction over Tierney's appeal from the July 1, 2010 Order Denying Defendant's Motion For Return of Property $5,000, Filed on April 7, 2010 filed in the Circuit Court of the Third Circuit ("Circuit Court")[1] ("July 1, 2010 Denial Order"). We lack jurisdiction because the Circuit Court has not entered a judgment, "a decree [or] any order from which an appeal lies"

---

[1]     The Honorable Glenn S. Hara presided.

under Hawai'i Rules of Civil Procedure ("HRCP") Rule 54(a).

The County's September 14, 2000, Complaint in Interpleader sought to determine the disposition of currency recovered as evidence by the Hawai'i Police Department during a theft investigation. Tierney was one of the defendants in the interpleader action. As Tierney was not served with the complaint, however, the Circuit Court issued a Final Order of Dismissal (as to Tierney) on June 7, 2001 ("June 7, 2001 Order"). On July 30, 2001, the Circuit Court issued an Order of Dismissal, dismissing the entire case for failure to prosecute ("July 30, 2001 Order"). Neither order was reduced to a separate document as required by HRCP Rule 58.[2]

Almost nine years later, on April 7, 2010, Tierney filed a Motion for Return Of Property $5,000, in which he sought return of the currency addressed in the County's interpleader action. The Circuit Court, advising that it was treating Tierney's motion as a motion under HRCP Rule 60(b), issued its July 1, 2010 Denial Order. Tierney appealed.

"An order denying a motion for post-judgment relief under HRCP [Rule] 60(b) is an appealable final order under HRS § 641-1(a)." *Ditto v. McCurdy,* 103 Hawai'i 153, 160, 80 P.3d 974, 981 (2003) (citing *First Trust Co. of Hilo v. Reinhardt,* 3

---

[2] "Every judgment shall be set forth on a separate document." Haw. R. Civ. P. 58. "An appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" *Jenkins v. Cades Schutte Fleming & Wright,* 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "An appeal from an order that is not reduced to a judgment in favor of or against the party by the time the record is filed in the supreme court will be dismissed." *Id.* at 120, 869 P.2d at 1339 (footnote omitted). Consequently, "an order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." *Alford v. City and County of Honolulu,* 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005).

Haw. App. 589, 592, 655 P.2d 891, 893 (1982)). We conclude, however, that Tierney's motion was not properly a motion for "post-judgment relief" and the July 1, 2010 Denial Order is not a "post-judgment order" because there was no underlying judgment. Whether the underlying order in this case is the June 7, 2001 Order or the July 30, 2001 Order, the July 1, 2010 Denial Order does not deny a motion for *post-judgment relief* because the Circuit Court has not entered a judgment, "a decree [or] any order from which an appeal lies." Haw. R. Civ. P. 54(a).

> Under HRCP Rule 54(b),
>
> the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay* and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and *the order or other form of decision is subject to revision at any time* before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

(Emphasis added). In other words, in the absence of a separate and distinct "judgment," the circuit court has very broad discretion to modify or set aside an order because any "order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Haw. R. Civ. P. 54(b).

Although the Circuit Court treated the April 7, 2010 Motion for Return of Property $5,000 as a Rule 60(b) motion, "Rule 60(b) . . . applies only to motions attacking final, appealable orders[.]" *United States v. Martin*, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000). Since neither the June 7, 2001 Order or the July 30, 2001 Order were reduced to a separate judgment,

there is no final, appealable "judgment" in this case.[3/]

In sum, the Circuit Court has not entered a final judgment in the case that is appealable pursuant to HRS § 641-1(a), HRCP Rule 58, and the holding in *Jenkins*, 76 Hawai'i at 119, 869 P.2d at 1338. As there is no underlying "judgment," the July 1, 2010 Denial Order is not a "post-judgment order" and an appeal can not be taken.

Accordingly, IT IS HEREBY ORDERED that this appeal is dismissed for lack of appellate jurisdiction.

DATED:  Honolulu, Hawai'i, September 1, 2011.

On the briefs:


Michael Tierney,
Pro Se Defendant-Appellant.


Brooks L. Bancroft,
Deputy Corporation Counsel,
County of Hawai'i,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

---

[3/]    In light of the time that has passed without entry of a judgment in the case, we anticipate that the Circuit Court will issue a judgment forthwith upon receipt of this order.